UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| SHEENA L.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23-cv-00061-KMB-TWP |
| | ) | |
| FRANK J. BISIGNANO, | ) | |
| Commissioner of Social Security, | | |
| | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING MOTION FOR ATTORNEY'S FEES

Presently pending before the Court is Plaintiff's Motion for Attorney's Fees Pursuant to 42

§ U.S.C. 406(b).  [Dkt. 20.]  The Commissioner has filed a response taking no position on the

pending motion.  [Dkt. 22.]  For the reasons explained below, Plaintiff's Motion for Attorney's

Fees is **GRANTED**.

### I. BACKGROUND

Plaintiff Sheena L. filed a Complaint on April 19, 2023, asking this Court to review the

decision of the Commissioner of the Social Security Administration (the "Commissioner"), which

found Plaintiff not disabled.  [Dkt. 1.]  On August 16, 2023, the Court reversed the Commissioner's

decision under 42 U.S.C. § 405(g), and remanded the case to the Commissioner for further

administrative proceedings.  [Dkt. 15.]  The Court entered Judgment in favor of the Plaintiff on

August 16, 2023.  [Dkt. 16.]

---

[1] To protect the privacy interests of claimants for Social Security benefits, and consistent with the recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States Courts, the Southern District of Indiana has opted to use only the first names and last initials of non-governmental parties in its Social Security judicial review opinion.

On November 29, 2023, the Court granted Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d), in the amount of $1,039.87.  [Dkt. 19.] Plaintiff's counsel never received that award, however, because it was seized by the U.S. Treasury to satisfy an outstanding federal debt of the Plaintiff.  [Dkt. 21-5.]  On remand, the Administrative Law Judge entered a decision finding Plaintiff disabled since June 30, 2019.  [Dkt. 21-2 at 6.] Plaintiff was awarded total past-due benefits of $83,545.  [Dkt. 21-3.]

On February 9, 2026, Plaintiff filed the pending Motion for Attorney's Fees pursuant to 42 U.S.C. § 406(b), asking that the Court award counsel $20,886.25 as a reasonable fee.  [Dkt. 20.]  In support of the motion, Plaintiff submitted a copy of the fee agreement with counsel, which provides for an award equal to 25% of the past-due benefits.  [Dkt. 21-1.]  The Commissioner filed a response, stating that he "neither supports nor opposes counsel's request for attorney's fees" because the Commissioner "has no direct financial stake in the outcome of the motion."  [Dkt. 22 at 2.]  Plaintiff did not file a reply.

## II.      LEGAL STANDARD

42 U.S.C. § 406(b) provides that the Court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of past-due benefits to which the claimant is entitled."  42 U.S.C. § 406(b)(1)(A).  When a prevailing claimant's attorney qualifies for § 406(b) fees but has already received a fee award pursuant to the Equal Access to Justice Act (the "EAJA"), the EAJA award is either refunded to the claimant by the attorney or is offset by the allowable fee under § 406(b).  *O'Donnell v. Saul*, 983 F.3d 950, 957 (7th Cir. 2020).

Even when a Plaintiff's motion for fees under § 406(b) is not opposed, the Court has a duty to review the fee arrangements, which serves "as an independent check, to assure that they yield reasonable results in particular cases."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  This review should consider the "'character of the representation,' the results achieved, whether the

2

attorney was responsible for any delay, and whether 'the benefits are large in comparison to the amount of time counsel spent on the case.'" *Arnold v. O'Malley*, 106 F.4th 595, 600 (7th Cir. 2024) (*quoting Gisbrecht*, 535 U.S. at 808).  "It is the attorney's burden to show that the fee sought under the contingency agreement is 'reasonable for the services rendered.'"  *Arnold*, 106 F.4th at 602 (*quoting Gisbrecht*, 535 U.S. at 807)).

## III.    DISCUSSION

Plaintiff seeks an attorney fee award of $20,886.25 pursuant to the contractual fee agreement with her attorney, which entitles counsel to up to 25% of Plaintiff's past due benefits. [Dkts. 21 at 1; 21-1.]  Here, Plaintiff was awarded $83,545 in past due benefits, which makes Plaintiff's pending fee request equivalent to 25% of that award.  [Dkts. 21-3 at 1, 8; 21 at 4.]  This Court previously found that Plaintiff's counsel reasonably spent 4.7 hours on the case and awarded $1,039.87 under the EAJA.  [Dkt. 19.]

Since Plaintiff was awarded benefits on remand, an award of § 406(b) attorney fees is appropriate.  No offset under 28 U.S.C. § 2412(d) is required because Plaintiff's counsel did not receive an EAJA award.  [Dkts. 21 at 5; 21-5; 22.]  The Court must, however, still determine whether the attorney fees requested under § 406(b) are reasonable.  42 U.S.C. § 406(b)(1)(A).  To make this reasonableness determination,

> a district court must begin with the contingency award as its polestar and consider whether that amount should be reduced because it is unwarranted based on relevant factors, such as the claimant's satisfaction with their attorney's representation, the attorney's expertise and efforts expended, whether the attorney engaged in any undue delay or overreaching, the uncertainty of recovery and risks of an adverse outcome, and how the effective hourly rate compares to others in the field and jurisdiction.

*Arnold* 106 F.4th at 601.

After analyzing these factors, the Court finds that Plaintiff was presumptively satisfied with her attorney's representation since the decision of the Administrative Law Judge was reversed, [dkt.

3

15], and Plaintiff was ultimately awarded back benefits, [dkt. 21-3]. Additionally, the record provides no indication that Plaintiff's attorney was responsible for any delay. As Plaintiff's motion states, counsel expended efforts on the "review and summarization of a 2,237-page administrative record," and through counsel's expertise, the Commissioner agreed to "reverse and remand the case without any briefing in the matter." [Dkt. 21 at 6.] Counsel asserts that actions like the one in this case "possess a substantial risk of loss" and that the type of fee requested is only available to a plaintiff who "ultimately receive benefits." [Dkt. 21 at 4.] The Court agrees with Plaintiff that these factors all weigh in favor of the Court awarding the fee requested.

The factor that warrants the closest scrutiny in this case is "how the effective hourly rate compares to others in the field and jurisdiction." *Arnold*, 106 F.4th at 601. As previously noted, Plaintiff's counsel reasonably spent 4.7 hours on this case when it was previously pending in this Court. [Dkt. 21-4.] Dividing the requested fee award ($20,886.25) by the documented hours spent on the case while in this Court equates to an hourly rate of $4,443.99. [Dkt. 21 at 5.] Though that amount is undoubtedly quite high, Plaintiff's counsel represents that "[i]f approved for the full amount of this request, [counsel] will not request any additional fees for its work performed before the agency in ultimately getting Plaintiff approved for benefits under § 406(a)." [*Id.*] Courts evaluating this factor have recognized that a high hourly rate alone does not render a fee unreasonable, particularly where counsel efficiently achieved a favorable result. *See, e.g., Jennifer M.A. v. Bisignano*, 1:23-cv-00470-MKK-JRS (S.D. Ind. Feb 3, 2026) (finding that counsel should not be penalized for exhibiting efficiency); *Chad S. v. Dudek*, No. 1:20-cv-02349-MJD-JMS, 2025 WL 724551, at *8 (S.D. Ind. March 5, 2025) (declining to penalize efficiency). Given the length of the administrative record requiring review, the fact that counsel succeeded in getting Plaintiff an

4

award of back benefits on remand, and the representation that additional fees will not be sought, the Court finds Plaintiff's fee request to be reasonable despite the high effective hourly rate.

The Court takes seriously its duty to prevent windfalls from an award of attorney's fees. *See McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989) ("If the fee award amounts to a 'windfall,' the court must carefully review the reasonableness of the contingency agreement."). Plaintiff's counsel cites several previous awards that are comparable to the award in this case. *See Jennifer M.A.*, 1:23-cv-00470-MKK-JRS (S.D. Ind. Feb 3, 2026) (approving an award resulting in an hourly rate of $3,493.80); *Demonja v. O'Malley*, 2:21-cv-305-JEM (N.D. Ind. April 2, 2024) (approving an award resulting in an hourly rate of $4,821.65). Considering the applicable factors in this case and considering counsel's representation to this Court that counsel shall not request any additional fees for work performed before the SSA in getting Plaintiff approved for benefits under § 406(a), the Court concludes that the requested fee in this case is reasonable under § 406(b).

### IV.  CONCLUSION

For the reasons stated herein, the Court **GRANTS** Plaintiff's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b). [Dkt. 20.] It is **ORDERED** that the Commissioner hereby direct the Social Security Administration to pay Plaintiff's attorney the amount of **$20,886.25** out of the award of past-due benefits in accordance with agency policy and release any remaining withheld past-due benefits to Plaintiff. Pursuant to counsel's representation to this Court, Plaintiff's counsel shall **not** request any additional fees for work performed before the SSA in ultimately getting Plaintiff approved for benefits under § 406(a).

**SO ORDERED**.

Date: 4/30/2026

Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

5

Distribution:

All ECF-registered counsel of record via CM/ECF